## Adalina S. Barrett and George D. Barrett v. Douglas Park Building Association.

1. EVIDENCE—*Of a Breach of the Conditions of a Bond.*—Where a suit is brought on a bond for the payment of money in installments, for a breach of the condition by non-payment of the installments, the plaintiff can not recover without proof of such breach, and the mere introduction of the bond does not make a *prima facie* case. And the rule is the same whether the suit is at law or in equity.

Foreclosure.—Appeal from the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed March 24, 1898.

BURKE DRAPER, attorney for appellants.

LYMAN M. PAINE, attorney for appellee.

MR. PRESIDING JUSTICE ADAMS DELIVERED THE OPINION OF THE COURT.

This is an appeal from a decree rendered on a bill filed by appellee against appellants to foreclose a mortgage executed by appellants, Adalina S. Barrett and her husband, George D. Barrett, to appellee, to secure a certain bond, of date May 22, 1893, executed by appellants to appellee. The penalty of the bond is $5,400, and it is conditioned as follows:

"The condition of the above obligation is such that whereas said obligor, Adalina S. Barrett, is a member of said association, and has borrowed therefrom the sum of fifty-four hundred dollars, upon fifty-four shares of the capital stock of said association, of the 37th series.

"Now, if the said obligors shall pay unto said association, at its office, the said sum of $5,400 in monthly installments of twenty-seven dollars and ——— cents each, on the first day of each and every month from May 1, 1893 (the date of said series), with interest thereon at the rate of eight per

cent per annum, payable in monthly installments of thirty-six dollars and ——— cents each, on the first day of each and every month after date, until the shares of said series shall have attained the value of one hundred dollars each; and shall pay all fines on said stock, and all liens, taxes and assessments on the premises this day mortgaged to said association to secure this bond, and shall keep the buildings on said premises fully insured for the benefit of said association, or in case such liens, taxes, insurance or assessments are paid by said association, shall repay the same upon demand, then this obligation to be void; otherwise to remain in full force and virtue."

The mortgage provides, among other things, "That for six months' default in the payment of any of the sums of money payable by the terms of said bond, the above mentioned stock may be forfeited, and said bond declared due, and the mortgage foreclosed," etc. The bill alleges as follows:

"That the by-laws of said association provide that when five days' default is made in the payment of subscription installments or dues, the owner of such stock shall pay a fine of five cents per share, and a further fine of five cents per share when default is made in the payment of interest installments; that under said by-laws the said A. S. Barrett has become indebted to complainant for fines in the sum of $178.20; that complainant has been obliged to pay the sum of $9 for insurance, and $40 for taxes on said premises; that the board of directors, by resolution, for default in payment of dues, interest, fines, insurance and taxes, as aforesaid, and pursuant to the terms of said mortgage, on January 28, 1896, declared said loan to be due, and ordered foreclosure; that there is due complainant for principal, $5,400; for interest, $850; for fines, $178.10; for insurance, $9; for taxes, $40, less the sum of $270 paid on account of principal, as aforesaid, leaving a balance due of $6,477.20."

The appellants denied substantially all the material allegations of the bill, except that Adalina S. Barrett was the owner of fifty-four shares of the capital stock of appellee.

Appellee filed a replication, and the cause was referred to the master to take proofs and report. The master found all the material allegations of the bill proven, and that there was due appellee the sum of $6,790.26, which included the amount of the loan to appellant Adalina S. Barrett, less $270 interest, fines, taxes paid by appellee and a $50 solicitor's fee provided for by the mortgage. Appellants filed exceptions to the master's report, which the court overruled, confirmed the report, and rendered a decree in conformity therewith and for a foreclosure of the mortgage. That the exceptions to the master's report and the assignment of error are sufficient to raise the questions discussed by appellants' solicitor, is not disputed.

Appellee introduced in evidence before the master a resolution passed by appellee's board of directors January 28, 1896, which is as follows:

" Resolved, that the report of the secretary showing more than six months' default in the payment of dues and interest upon the loans granted respectively to Adalina S. and Lyman E. Crandall be approved, and further resolved that said loans be declared wholly due, and that the attorney of this association be and hereby is directed to proceed at once to foreclose the mortgages, or either of them, given as security for said loans, and the stock pledged with said loans is hereby forfeited to this association."

Appellee called as a witness Harry L. Burnett, its assistant secretary, who testified : "I am assistant secretary of the Douglas Park Building Association; am acquainted with the Barretts, defendants; dues to the amount of $270 have been paid on this loan, that is, up to and including February, 1894; $374 interest has been paid, which is to March, 1894; the interest now due is $1,282."

This evidence was objected to by the solicitor for appellants, who moved to strike it out, on the ground that the witness, in answer to questions put to him, said that he had no personal knowledge of the matter, and that his answer was based wholly on statements which he took from the books of the association, which motion the master sustained

and struck out the evidence. The evidence of the witness Burnett was the only evidence offered by appellee of any default in the payment of dues or interest, and that being stricken out, there is no evidence of any default. The decree, by approving and confirming the master's report in all things, approved and confirmed the striking out of the evidence. Of the sum found due by the master's report and the decree, $6,412 is for dues, namely, installments of the loan to Adalina S. Barrett, and interest, and the amount of interest found due is $1,282, the precise amount testified to by the witness Burnett, whose testimony as to interest due was stricken out.

Counsel for appellee contends that, the bond having been introduced in evidence, it was incumbent on appellants to prove payment in accordance with its conditions. Appellee averred in its bill that all of the principal sum loaned to appellant Adalina S. Barrett, except $270, was due and unpaid, and that $550 interest was due and unpaid, and it devolved on appellee to prove these allegations. If a suit at law had been brought on the bond for a breach of the condition by non-payment of installments of the principal sum and of interest, could it be contended for a moment that the plaintiff could recover without proof of such breach—that the mere introduction in evidence of the bond would make a *prima facie* case for the plaintiff ? No case can be found to support such a proposition, and the rule in equity is, in that respect, the same as at law.

No default having been proven, there could be no fines, consequently no default by non-payment of fines.

The resolution of appellee's board of directors does not purport to declare a forfeiture for non-payment of taxes, but only for non-payment of dues and interest on the loan.

The decree will be reversed and the cause remanded.